J-S39044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARNELL SCOTT | : | |
| | : | |
| Appellant | : | No. 1363 EDA 2018 |

Appeal from the PCRA Order April 4, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013278-2012

BEFORE:   GANTMAN, P.J.E., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED AUGUST 21, 2019**

Appellant, Carnell Scott, appeals *pro se* from the order entered in the Court of Common Pleas of Philadelphia County dismissing his second petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as patently untimely.  Specifically, Appellant's second PCRA petition seeks *nunc pro tunc* relief in the form of reinstatement of his right to file an appeal to this Court from the denial of his first, timely, PCRA petition.  We vacate the PCRA court's order and remand to permit a *nunc pro tunc* appeal from the order denying Appellant's first PCRA petition.

The parties are familiar with the facts and procedural history pertaining to Appellant's 2014 judgment of sentence for third-degree murder and related offenses, such that we need not discuss them for our present purposes.  On December 28, 2016, Appellant timely filed his first PCRA petition and received

_____

* Former Justice specially assigned to the Superior Court.

court-appointed counsel. On June 6, 2017, counsel filed a **Turner/Finley**[1] no-merit letter and motion to withdraw. On June 7, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing.

Appellant filed a *pro se* response to the court's notice on June 26, 2017, but the court entered an order of July 11, 2017, dismissing Appellant's petition and granting counsel's motion to withdraw. The order indicates the court served it upon the stenographer, the Clerk of Courts, the Commonwealth, and PCRA counsel. There is no demonstration either in the order or on the docket that the PCRA court served the order on Appellant.

The record shows Appellant filed a *pro se* communication with the PCRA court on December 4, 2017, asking for an update on the status of his first PCRA petition in light of his response to the court's 907 notice. Upon learning the court had dismissed his petition, he filed the present, second, PCRA petition seeking reinstatement of his appeal rights *nunc pro tunc* from the order denying him relief on his first petition because the court had failed to serve him with that order.

On February 6, 2018, the PCRA court issued a Rule 907 notice of its intent to dismiss Appellant's second petition as patently untimely. Appellant

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

did not file a response, and the PCRA court entered its Order of April 3, 2018, denying relief on Appellant's second petition. This timely appeal followed.

Herein, the PCRA court indicates it denied Appellant's requested relief because it lacked jurisdiction over the untimely petition and no exception to the PCRA's timeliness provisions applied. *See* 42 Pa.C.S. § 9545(b)(1) (providing PCRA petition, including a second or subsequent one, shall be filed within one year of the date the underlying judgment becomes final), and § 9545(b)(1) (i-iii) (providing exceptions in event of: government interference with filing; newly-discovered facts previously unascertainable by exercise of due diligence; newly-recognized constitutional right).

Contrary to the learned court's opinion, however, we discern in Appellant's petition the assertion of a newly-discovered fact that the PCRA court entered an order dismissing his first petition on July 11, 2017 without ever notifying Appellant of the order. ***See Commonwealth v. Maddrey***, 205 A.3d 323, 326 n. 5 (Pa.Super. 2019) (recognizing newly-discovered fact exception implicated where petitioner never received notice of Rule 907 order dismissing previous petition); ***Commonwealth v. Smith***, 181 A.3d 1168, 1173 n.2 (Pa.Super. 2018) (finding no error in lower court's restoration of PCRA appellate rights *nunc pro tunc*, based on breakdown in court, where appellant never received notice of Rule 907 order). As discussed above, the record supports Appellant's assertion that the order was never served upon him personally, despite the fact that the court had concomitantly granted appointed counsel's petition to withdraw.

Therefore, because Appellant's second PCRA petition qualifies for an exception to the PCRA's timeliness requirements, the PCRA court had jurisdiction over it. Additionally, we discern no reason under the circumstances to deny Appellant's request for reinstatement of his appellate rights *nunc pro tunc*. Accordingly, we grant Appellant's request for *nunc pro tunc* relief to file an appeal from the order denying him relief under his first PCRA petition.

Order vacated. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 8/21/2019*